IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| J.B. STELL GAINES, SR., ) | |
| ID # 843480, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:04-CV-1185-D |
| ) | |
| DOUGLAS DRETKE, Director, ) | |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

On June 1, 2004, the Court received an Application for Writ of Habeas Corpus filed by petitioner pursuant to 28 U.S.C. § 2241. (Pet. at 1.) By his writ, petitioner appears to challenge his state convictions for aggravated robbery in Cause No. 97-31117; possession of cocaine in Cause No. 97-45375; and burglary of a building in Cause No. 98-48622, each of which was apparently enhanced by his prior state conviction in Cause No. F74-02698-Q. Noting that "[a]lthough Petitioner alleges § 2241 as the jurisdictional basis for this action, he appears to be attacking state court convictions, for which he is presently incarcerated" in the Texas prison system, the Court ordered petitioner to show cause within thirty days why the Court should not construe his petition as arising under 28 U.S.C. § 2254 rather than § 2241. (*See* Order of July 27, 2004.)

On August 11, 2004, the Court received petitioner's objections, wherein he asserts that his petition shows cause for bringing this action under § 2241. In particular, he refers to his claim of actual innocence on pages 1, 12, and 13 of his petition. Petitioner further claims that the statute of limitations does not apply to § 2241 writs whereas it applies to petitions filed under § 2254, and that § 2254 would subject his writ to various procedural requirements not applicable to a writ filed under § 2241. (*See* Objections at 6-7.) He also contends that § 2254 did not repeal § 2241. (*Id.* at 7-8.)

On September 17, 2004, the Court received petitioner's "response" to the Order of July 27, 2004. (*See* Resp. at 1.) Petitioner therein again claims he is innocent of the convictions for which he is now incarcerated. (*Id.*) He further claims that his writ falls under 28 U.S.C. § 2241(c)(3), and that § 2254 did not repeal or alter the relief available under § 2241. (*Id.* at 3-3A.[1]) He asserts that § 2254 places restrictions on granting habeas relief for certain state prisoners, "such as Terrorists and War Combatants." (*Id.* at 4.) He states that he is neither a terrorist nor a war combatant, that he chooses to pursue this action under § 2241, and that he has already had a "bad experience" with § 2254 in this Court. He concedes that a challenge under § 2254 "could easily be dismissed" as a successive petition, but the Court has not yet addressed the merits of his claims. (*Id.*)

## II. NATURE OF ACTION

Petitioner appears to challenge the three above-referenced state convictions in this action. Section 2254 specifically governs any challenge to petitioner's state convictions. Petitioner has not shown that § 2241 governs his habeas petition. By attempting to proceed under § 2241, petitioner

---

[1] Petitioner's response has a page between pages three and four which is "numbered" with a "$". The Court will refer to that page as page 3A.

2

merely seeks to avoid the applicable statute of limitations and § 2254's prohibition on filing successive petitions. However, a petitioner may not utilize § 2241 merely to avoid the various provisions specifically applicable to § 2254 actions. In addition, a claim of actual innocence does not make § 2241 applicable under these circumstances.

Furthermore, § 2241(c) provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless" one of five following situations exist:

> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court of judge of the United States; or
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted . . . or
>
> (5) It is necessary to bring him into court to testify or for trial.[2]

Unless petitioner is "in custody," none of the five situations exist. Moreover, if petitioner is "in custody in violation of the Constitution or laws or treaties of the United States" as contemplated by § 2241(c)(3), he is also in custody such that he may proceed under 28 U.S.C. § 2254. Because "a more specific provision controls a more general provision", *see Carmona v. Andrews*, 357 F.3d 535, 538 (5th Cir. 2004), this action falls under the more specific provision of § 2254. Petitioner's only avenue for habeas relief is through 28 U.S.C. § 2254, and the Court construes this action as arising thereunder.

---

[2] Petitioner claims that it is necessary to bring him into court to testify. The Court finds no such need.

### III. SECOND OR SUCCESSIVE APPLICATION

Petitioner has filed four previous federal petitions for writ of habeas corpus relating to the three convictions which he challenges in this action.[3] The Court dismissed two of these prior actions for petitioner's failure to exhaust state remedies. *See Gaines v. Johnson*, No. 3:99-CV-034-X (N.D. Tex.); *Gaines v. Johnson*, No. 3:99-CV-2760-D (N.D. Tex.). It also dismissed as untimely a consolidated action that challenged his aggravated robbery conviction in Cause No. 97-31117. *See Gaines v. Cockrell*, Nos. 3:02-CV-2003-G; 3:02-CV-2374-G (N.D. Tex.). Because petitioner has filed previous habeas petitions, the Court must determine whether the instant petition is successive within the meaning of 28 U.S.C. § 2244(b).

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. In general, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir.), *cert. denied*, 540 U.S. 910 (2003); *accord United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).[4] A petition that is literally second or successive, however, is not necessarily a second or successive application for purposes of the AEDPA. *See Stewart v. Martinez-*

---

[3] Petitioner also specifically challenged the 1974 enhancement conviction in *Gaines v. Cockrell*, No. 3:02-CV-1487-H (N.D. Tex.). The Court dismissed that action because petitioner had fully served the sentence for that conviction, and was thus no longer in custody on that conviction. It does not appear that petitioner is challenging his 1974 conviction in the instant action. To the extent he were to assert such a challenge, the Court would lack jurisdiction for the reasons stated in *Gaines v. Cockrell*, No. 3:02-CV-1487-H (N.D. Tex.).

[4] Although the Fifth Circuit Court of Appeals decided *Orozco-Ramirez* in the context of a motion to vacate under 28 U.S.C. § 2255, it also found it appropriate to rely upon cases decided under 28 U.S.C. § 2254 in reaching its decision. *See* 211 F.3d at 864 n.4. In the present context, this Court also finds it appropriate to make no distinction between cases decided under § 2255 and those under § 2254.

4

*Villareal*, 523 U.S. 637, 643-46 (1998). In *Stewart*, the Supreme Court declined to construe an application as second or successive when it followed a previous dismissal due to prematurity or lack of exhaustion. *Id.* "To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

In this case, petitioner has previously filed four relevant federal petitions. Although the Court dismissed two of these petitions for lack of exhaustion, the other two consolidated petitions were dismissed as untimely. A dismissal based on untimeliness is not the type of procedural dismissal that would make a later-filed petition non-successive. *See Villanueva v. United States*, 346 F.3d 55, 62 (2d Cir. 2003), *cert. denied*, ___ U.S. ___, 124 S. Ct. 2895 (2004); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). "[A] prior untimely petition . . . count[s] because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims." *Altman*, 337 F.3d at 766. Under *Orozco-Ramirez* and *Crone*, petitioner was therefore required to present in the consolidated action all available claims that arose from the validity of any judgment of the state court which entered the aggravated-robbery judgment of conviction:[5]

> "The requirement that all available claims be presented in a prisoner's first habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle. The requirement serves the singularly salutary purpose of forcing federal habeas peti-

---

[5] When petitioner filed the instant action and its predecessors, Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts permitted petitioners to assert claims for relief "against the judgment or judgments of a single state court" in a single federal habeas petition. As of December 1, 2004, amendments to Rule 2 became effective, and amended Rule 2(e) also permits petitioners to assert claims against multiple judgments of a single state court in a single federal habeas petition. Therefore, petitioner could have raised any claim against any judgment entered by the court which entered the aggravated robbery judgment of conviction in his prior consolidated action.

5

>tioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court."

*Orozco-Ramirez*, 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

The instant federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that petitioner raised or could have raised in his prior petition that the Court found untimely. The statute specifically restricts the filing of a second or successive *application*. *See* 28 U.S.C. § 2244(b)(3) (emphasis added). The Fifth Circuit has specifically determined that *an application* is second or successive when it raises *a claim* that was or could have been raised in an earlier petition. *Orozco-Ramirez*, 211 F.3d at 867 (emphasis added); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) (per curiam). In *Crone*, the Fifth Circuit also specifically spoke in terms of whether an *application* was successive. 324 F.3d at 837-38 (emphasis added). Furthermore, the United States Supreme Court has recognized the distinction between "application" and "claim", albeit in a different, but analogous, context. *See Artuz v. Bennett*, 531 U.S. 4, 9 (2000) (discussing procedurally defaulted claims in conjunction with "properly filed" applications). "A 'mixed-application' that contains claims that could have been raised previously and claims that could not have been so raised is nevertheless successive." *Cooper v. Cockrell*, No. 3:03-CV-596-L, 2003 WL 21517824, at *2 (N.D. Tex. Apr. 15, 2003); *Hubbard v. Cockrell*, No. 3:01-CV-1539-X, 2001 WL 1148274, at *2 (N.D. Tex. Sept. 18, 2001). Thus, although petitioner apparently challenges his three prior convictions for aggravated robbery, possession of cocaine, and burglary (Cause Nos. 97-31117, 97-45375, and

98-48622) in this action while the prior consolidated action was limited to the aggravated robbery conviction in Cause No. 97-31117, this does not affect whether the instant application is successive.[6]

"This Court does not parcel out and decide claims from a successive petition, even if the application contains claims that could not have been raised previously." *Cooper*, 2003 WL 21517824, at *2; *Hubbard*, 2001 WL 1148274, at *2. In *Orozco-Ramirez*, the Fifth Circuit undertook a claim-by-claim analysis to determine whether specific claims were successive. *See* 211 F.3d at 869-70. This Court, however, lacks jurisdiction to consider a successive application or petition, unless the Fifth Circuit Court of Appeals grants petitioner authorization to file such petition. *See* 28 U.S.C. § 2244(3)(A); *accord Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Only if authorization is granted by the appellate court is this Court vested with the jurisdiction necessary to undertake a claim-by-claim analysis. In fact, this Court would then be required to undertake such an analysis. *See In re Morris*, 328 F.3d 739, 741 (5th Cir. 2003) (holding that the district court "must conduct a 'thorough' review to determine if the motion 'conclusively' demonstrates that it does not meet AEDPA's second or successive motion requirements"); *Reyes-Requena v. United States*, 243 F.3d 893, 898-99 (5th Cir. 2001) (same); 28 U.S.C. § 2244(b)(4) (directing the district courts to "dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the

---

[6] To the extent petitioner challenges judgments of different state courts, Rule 2(e) of the pre-amended Rules Governing Section 2254 Cases in the United States District Courts would permit the petition to be returned to petitioner. The Court, however, has insufficient information to invoke Rule 2(e). In addition, amended Rule 2 deleted the provision for returning an insufficient petition. Under the Amended Rules, "the better procedure [i]s to accept the defective petition and require the petitioner to submit a corrected petition that conforms" to the form requirements for § 2254 actions. As discussed in the body of these findings and recommendation, petitioner raises claims that he previously pursued in this Court. The inclusion of such claims makes the entire petition successive within the meaning of 28 U.S.C. § 2244(b). Therefore, a corrected petition would not affect the ultimate recommendation in this case.

claim satisfies the requirements of this section); *see also* 28 U.S.C. §§ 2244(b)(1) (requiring the district court to dismiss any claim "presented in a second or successive habeas application under section 2254 that was presented in a prior application") and 2244(b)(2) (requiring the district court to dismiss any "claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application" unless the applicant makes a certain showing set forth in the statute).

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B). The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

Although it is appropriate for the Court to dismiss the successive § 2254 petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, it is also appropriate in some circumstances to transfer the successive petition to the Fifth Circuit for a determination of whether petitioner should be allowed to file the successive motion in the district court. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving the practice of transferring a successive petition to the Circuit and establishing procedures in the Circuit to handle such transfers). In this instance, a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer. By filing this petition to challenge convictions from 1997 or 1998 based upon facts that were or should have been discovered long ago, petitioner has abused the judicial process.[7]

Because the petition sought to be filed in this action is successive, and because the Fifth Circuit has not granted petitioner authorization to file a successive petition, the Court should dismiss the instant action without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals.

## IV. SANCTIONS

As noted above, petitioner has filed four prior habeas actions relating to the three convictions which he challenges herein as well as a fifth habeas action challenging the enhancement conviction. Furthermore, the Texas Court of Criminal Appeals Case Search reveals that petitioner has pursued twenty-two various writs at the state level on his various state convictions. *See* Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/casesearch.asp?CaseNumberNo=&Date

---

[7] This Court previously dismissed a prior petition as untimely. There is ample reason to believe the instant petition is likewise untimely. The Court may not, however, consider the timeliness of a successive petition without the requisite pre-approval of the Fifth Circuit Court of Appeals.

Filed=&DateFiled2=&Style=Gaines&Style_2=&COACaseNumberNo=&Submit1=Search (accessed June 30, 2004) (showing state writs up to and including WR-37,637-22).  In an effort to avoid unnecessary and abusive filings, the Court thus considers the propriety of sanctions.

The federal courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).  Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.*  Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).  *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

In view of petitioner's litigation history, the Court deems it appropriate to admonish or warn him that sanctions may be imposed, if he files another successive habeas petition without first obtaining authorization from the Fifth Circuit.  Not only has petitioner ignored the prohibition against second or successive petitions under § 2244 without obtaining Fifth Circuit approval, he has attempted to circumvent such prohibition by bringing the present action under § 2241.  Should he persist with his legal maneuvering, he should be monetarily sanctioned and barred from filing any additional habeas actions in federal court without first obtaining permission from the Court.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the Court **DISMISS** the instant action without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals.  The Court should also **WARN** petitioner that, if he files another suc-

cessive habeas petition without first obtaining leave from the Fifth Circuit, he will be subject to sanctions, up to and including monetary sanctions payable to the Court and being barred from filing any additional habeas actions in federal court without first obtaining permission from the Court.

SIGNED this 30TH day of June, 2005.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE